**UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF WISCONSIN**

---

**FLOYD L. SEMONS,**

      **Plaintiff,**

v.                                           Case No. 13-CV-994

**JIEIRE A. VANCE  
and BEVERLY WILLIAMS,**

      **Defendants.**

---

## ORDER

---

On June 24, 2014, the defendants filed a motion for summary judgment. The motion states that it is supported by proposed findings of fact, affidavits, and a brief. However, no supporting brief was filed. On September 22, 2014, the plaintiff, Floyd Semons, filed a motion for summary judgment. His motion also states that it is supported by proposed findings of fact, an affidavit, and a brief. However, no brief or affidavit was filed.

The Local Rules require a party to file a memorandum of law in support of a motion for summary judgment. *See* Civil L.R. 56(b)(1)(A) (E.D. Wis.). Both parties have filed a motion for summary judgment and both have failed to submit a supporting brief/memorandum of law along with the motion. It appears that the omissions may have been accidental. Under the circumstances, the Court will deny without prejudice the motions and permit the parties to refile their summary judgment motions in compliance with the Local Rules.

On September 29, 2014, Semons filed a motion to amend the complaint and add parties. He seeks to add Nurse Sheventra Jackson as a defendant. According to Semons, Nurse Jackson spoke with him after the alleged excessive force incident on June 24, 2013.[1] He asserts that Nurse

---

[1] The Court determined that Semons' original complaint allegations regarding the June 24, 2013 incident failed to state an excessive force claim. (Screening Order, November 14, 2013, at 6.)

Jackson did not provide medical attention but, rather, only spoke with him through the window on his cell door. Semons did not file a proposed amended complaint along with his motion.

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002)). Although delay on its own is usually not reason enough for a court to deny a motion to amend, *Dubicz v. Commonwealth Edison Co.,* 377 F.3d 787, 792-93 (7th Cir. 2004); *Perrian v. O'Grady,* 958 F.2d 192, 194 (7th Cir. 1992), "'the longer the delay, the greater the presumption against granting leave to amend.'" *King v. Cooke,* 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Tamari v. Bache & Co.,* 838 F.2d 904, 908 (7th Cir. 1988)); *see also Soltys*, 520 F.3d at 743 (affirming district court's denial of leave to amend based largely on long delay where amended complaint was filed over 14 months after the original complaint, and "after the close of discovery, the [defendant's] motion *in limine* admitting liability, the filing of the final pretrial order, and the final pretrial conference;" trial date had already been postponed once; and it "would have been unduly prejudicial to the defendant to permit the amendment two weeks before the scheduled trial").

In this case, the Court will deny Semons' application because he did not file a proposed amended complaint along with his motion to amend. *See* Civil L.R. 15(a), (b) (E.D. Wis.).[2] In

---

[2] (a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

2

addition, Semons' motion to amend comes at a late stage in this case. Semons commenced this action in September 2013 and the Court already permitted him to amend the complaint once, in January 2014. He added a new defendant based on that amendment. The deadline for the completion of discovery was May 23, 2014. Permitting a new claim against a new defendant - twelve months after the original complaint was filed and four months after the close of discovery - would unduly delay the case and would prejudice the defendants. Semons has not offered any reason as to why he did not include this claim in his original complaint or his amended complaint. *See Soltys*, 520 F.3d at 743 ("As far as we can tell, Nwoye simply seemed to have "'mistakenly or inadvertently' failed to address everything in [the] original complaint," . . . and "failed to act with diligence" . . . . ). Based on the foregoing, the plaintiff's motion to amend will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for summary judgment (Docket # 43) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket # 50) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the new summary judgment deadline is **March 6, 2015**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend complaint and add parties (Docket # 52) is **DENIED**.

---

(b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

(Civil L.R. 15(a), (b) (E.D. Wis.)

Dated at Milwaukee, Wisconsin this 5th day of February, 2015.

                              BY THE COURT:

                              *s/Nancy Joseph*
                              NANCY JOSEPH
                              United States Magistrate Judge